UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAVRAJ RESTAURANT GROUP, LLC, RAJENDRA I. PATEL, NAVNEET PATEL, AMP FOOD HOLDINGS LLC, ERIK PAPADOPOLO, BAHRAM ASGARIAN and PRABODH MENON,<br><br>        *Plaintiffs*,<br><br>   v.<br><br>PANCHERO'S FRANCHISE CORPORATION and RODNEY L. ANDERSON,<br><br>        *Defendants*. | Civil Action No. 11-7490 (PGS) (LHG)<br><br>**MEMORANDUM** |

**SHERIDAN, U.S.D.J.**

      This matter comes before the Court on Defendants Panchero's Franchise Corporation and Rodney L. Anderson's (collectively, "Defendants") Motion to Alter or Amend the Court's August 14, 2013 Memorandum Decision & Order pursuant to FED. R. CIV. P. 59(e) (ECF No. 36).[1] The Court decides this matter without oral argument pursuant to FED. R. CIV. P. 78(b). For the reasons set forth herein, Defendant's Motion for Reconsideration is denied.

**I.    BACKGROUND**

---

[1] While Defendants labeled their motion as a "Motion to Alter or Amend Decision and Order of August 14, 2013[,]" the Court will construe the motion as a Motion for Reconsideration. *See Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174, 109 S. Ct. 987, 103 L. Ed. 2d 146 (1989) (quoting *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 451, 102 S. Ct. 1162, 71 L. Ed. 2d 325 (1982)) (indicating that a post judgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'").

The Court will not now belabor the facts of this case which are familiar to the parties. A more detailed recitation of the underlying facts was stated in this Court's Memorandum Decision & Order of August 14, 2013. As such, the Court will rely on those facts in analyzing Defendant's Motion for Reconsideration.

For purposes of the present Motion for Reconsideration, it suffices to recall that Plaintiffs Navraj Restaurant Group, LLC ("Navraj"), Rajendra I. Patel and Navneet Patel ("Navraj Owners"), AMP Food Holdings, LLC ("AMP"), and Erik Papadopolo, Bahram Asgarian, and Prabodh Menon ("AMP Owners") filed an eight-count Amended Complaint on October 22, 2012 asserting statutory violations of the New Jersey Franchise Practices Act ("NJFPA"), N.J.S.A. § 56:10-1, the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, and the Iowa Business Opportunity Promotions Law ("IBOPL"), IOWA CODE § 551A *et seq.*, as well as common law claims for breach of contract, tortious interference with prospective economic advantage, breach of the implied duty of good faith and fair dealing, fraud and lost income. On November 26, 2012, Defendants moved for dismissal of the Amended Complaint pursuant to FED. R. CIV. P. 12(b)(6), 9(b) and 10(b). The Court held oral argument on Defendants' Motion to Dismiss on July 22, 2013.

On August 14, 2013, the Court issued a Memorandum Decision & Order denying Defendants' Motion to Dismiss to the extent it sought dismissal of the Navraj Parties' claims based on a forum selection clause included in an agreement between the parties. The Court further held that the AMP Parties' claims must be pursued before an arbitrator and permitted the parties fourteen (14) days within which to assert their right to seek arbitration of the Navraj Parties' claims. On August 15, 2013, Plaintiffs' counsel informed the Court that Plaintiffs had instituted arbitration proceedings against the Defendants pursuant to the Court's decision. As such, the Court deemed

Defendants' Motion to Dismiss moot and ordered that the case be administratively terminated on August 21, 2013.

On September 11, 2013, Defendants filed the instant Motion for Reconsideration. Defendants contend that the Court erred in ordering arbitration for two reasons. First, Defendants contend that the Navraj Plaintiffs "waived their right to arbitrate and thus are barred from arbitrating their claims against Defendants[.]" (Defs.' Br. in Supp. of Mot. for Recons. ("Defs.' Br.") at 1). Specifically, Defendants argue that the Navraj Plaintiffs "chose[] . . . [to] litigate[] their claims [in this forum] for two years before invoking the arbitration clause in the Development Agent Agreement[,]" and, thus, "should be estopped from doing so at this late date." (*Id*. at 1-2). Second, Defendants contend that the Panchero's Franchise Corporation Development Agent Agreement dated March 14, 2007 ("Development Agreement") between Navraj and Panchero's was not a franchise agreement and, therefore, the forum selection clause within that Agreement is enforceable. (*Id*. at 1) Defendants argue that the Development Agreement was not a franchise agreement because: (1) the Navraj Plaintiffs do not have a "place of business" as that term is contemplated in the NJFPA; (2) the Navraj Plaintiffs did not sell goods or services; and (3) the Development Agreement did not grant a license to the Navraj Plaintiffs. (*Id*. at 2).

## II.     DISCUSSION

Motions for reconsideration are governed by FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i). The "extraordinary remedy" of reconsideration is "to be granted sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000) (quoting *NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). The Rule "does not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music*

*Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986). "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *see also* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1. Such motions will only be granted only where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986), and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

Here, the Court finds that there has not been any extraordinary circumstance, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice, that necessitates reconsideration of its prior decision. Rather, the Defendants' Motion for Reconsideration seeks to relitigate matters that have already been considered by the Court and present arguments that should have been raised earlier in this litigation. Accordingly, the Defendants' Motion for Reconsideration is denied.

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration is denied. An appropriate Order follows.

<u>*s/Peter G. Sheridan*</u>
PETER G. SHERIDAN, U.S.D.J.

April 10, 2014